IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Sykes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION |
| Chicago Police Officers Andrew Rowe, | ) | OF CIVIL RIGHTS |
| Star No. 13520, Kevin Garcia, Star No. | ) | |
| 4890, Marvin Bonnstetter, Star No. | ) | **JURY DEMANDED** |
| 15963, Michael Napoli, Star No. 9560, | ) | |
| Salvatore Reina, Star No. 2622, Nicholas | ) | |
| Vergis, Star No. 3061, and Patrick | ) | |
| Scalzitti, Star No. 9522 | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Dennis Sykes ("Sykes") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer Andrew Rowe, Star No. 13520, ("Rowe") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

1

5.  At all times herein mentioned, Defendant City of Chicago Police Officer Kevin Garcia, Star No. 4890, ("Garcia") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6.  At all times herein mentioned, Defendant City of Chicago Police Officer Marvin Bonnstetter, Star No. 15963, ("Bonnstetter") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

7.  At all times herein mentioned, Defendant City of Chicago Police Officer Michael Napoli, Star No. 9560, ("Napoli") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

8.  At all times herein mentioned, Defendant City of Chicago Police Officer Salvatore Reina, Star No. 2622, ("Reina") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

9.  At all times herein mentioned, Defendant City of Chicago Police Officer Nicholas Vergis, Star No. 3061, ("Vergis") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in her individual capacity.

10. At all times herein mentioned, Defendant City of Chicago Police Officer Patrick Scalzitti, Star No. 9522, ("Scalzitti") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

11. On or about April 20, 2018, Plaintiff resided in the second-floor apartment of a building located at 3901 W. Jackson Boulevard in Chicago, Illinois.

12. On that day and place Defendants Rowe, Garcia, Bonstetter, Napoli, Reina, Vergis, and Scalzitti entered and searched Plaintiff's apartment.

13. There was no lawful reason to damage Plaintiff's personal property.

14. Plaintiff is informed and believes that Rowe had obtained a search warrant authorizing a search of Plaintiff's apartment.

15. Plaintiff is informed and believes that the alleged purpose of the search warrant was to locate someone named Nathaniel Evans and evidence related to the possession and/or sales of Heroin.

16. Although Nathaniel Evans has a lengthy criminal history and is was well known to the Chicago Police Department he had no connection to Plaintiff, never resided in Plaintiff's apartment, and did not have access or control of Plaintiff's apartment.

17. During a search of Plaintiff's apartment Defendants did not recover any evidence of heroin, heroin sales, or that Nathaniel Evans had ever been inside Plaintiff's apartment.

18. During the course of executing the search warrant Defendants unreasonably and unnecessarily caused significant property damage to Plaintiff's property.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

20. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Defendants Rowe, Garcia, Bonnstetter, Napoli, Reina, Vergis, and Scalzitti for Unreasonable Search and Seizure**

22. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (21) hereat as though fully set forth at this place.

23. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

24. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: (1) Causing excessive and unnecessary property damage to the Plaintiff's home. These acts were in violation of the

4

Plaintiff's Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Rowe for
### Unreasonable Procurement of a Search Warrant

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-one (22) hereat as though fully set forth at this place.

26. Plaintiff is informed and believes that Defendant Rowe procured a search warrant identifying Plaintiff's apartment as the premises to be searched.

27. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    a. relied upon a confidential or "J. Doe" informant who had not previously provided reliable information in order to obtain the warrant;

    b. failed to independently verify necessary information provided by the confidential informant prior to obtaining the warrant;

    c. failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiff's home and Plaintiff.

    d. Failing to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information or J. Doe informant, and corroboration of that information or lack thereof;

28. No reasonably well-trained police officer in the position of Rowe

would have applied for the search warrant obtained by Rowe, and it was done intentionally or with reckless disregard to the rights of Plaintiff.

29. As a result of Rowe's unreasonable procurement of the search warrant Plaintiff sustained damages including but not limited to property damage and emotional distress.

30. The procurement of the search warrant was in violation of Plaintiff's Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution. Therefore, Rowe, in his individual capacity is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, request judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Garrett Browne
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/ Garrett Browne
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com